MARY A. MILLER, APPELLANT, *v.* JAMES E. MILLER AND OTHERS, RESPONDENTS.

*Execution — issuing of, to collect alimony — Trust fund — income of — Creditor's suit — when proper.*

All judgments for the payment of money, including judgments for the payment of alimony, can be enforced by execution. The remedy by execution must be exhausted upon all judgments for the recovery of money, both in legal and equitable actions, before a creditor's suit can be instituted.

APPEAL from an order denying a motion for an injunction restraining the defendant James E. Miller from receiving or disposing of the income of a trust fund to which he was entitled as beneficiary, and of which the other defendants were the trustees.

*Estes & Barnard,* for the appellant.

*G. W. H. Zeglio,* for the respondents.

DANIELS, J. :

The plaintiff recovered a judgment against her husband for a divorce, under which she was adjudged entitled to certain specified amounts from him by way of alimony. Those amounts he failed to pay, and she has brought this action to recover them from the income of a trust created in his favor, by the will of his deceased father. The judgment in her favor was recovered in the Court of Common Pleas of the county of New York, and since its recovery the defendant in the action has removed to Long Island. But no

transcript of the judgment has ever been filed, as it might have been, in the office of the clerk of the county in which he has resided, and no execution has been issued upon it. Without doing either the plaintiff instituted this action to recover the sums allowed to her by way of alimony out of the income of a trust created in his favor, and her application for an injunction restraining the payment of the income of the trust to him was opposed for those reasons. The counsel for the plaintiff insists that no execution could have been issued upon the judgment, and that the present action may for that reason be maintained without it. In that position he seems to be in error, for by the provisions of the Code, all judgments for the payment of money may be enforced by execution. The enactment upon this subject is exceedingly broad, including all judgments in both legal and equitable actions which require the payment of money. (Code, § 285.) And a judgment for the recovery of specific sums by way of alimony is clearly included in those terms. No difficulty exists in the way of docketing such a judgment, nor in issuing execution upon it, from time to time, as the amounts recovered become due and payable. Until that may be done, the ordinary means for enforcing the payment of the judgment cannot be considered, as they certainly are not exhausted. (*Lansing* v. *Lansing*, 4 Lansing, 377.) And until that has been done, a creditor's action in equity cannot be maintained.

A different rule was considered applicable to suits for the recovery of decrees in equity in the case of *White* v. *Geraerdt* (1 Edw. Ch., 336), and that is relied upon in support of the present action. But that was overruled by the decision which the Commission of Appeals made in the unreported case of *Geery* v. *Geery*, which held that the remedy by execution must be exhausted upon all judgments for the recovery of money, whether they be recovered in legal or equitable actions, before a creditor's suit can be instituted for their collection. That is a direct authority against the plaintiff, and justified the order denying the injunction.

If the action can be maintained by the plaintiff at all, it can only be as a judgment creditor. For it is to the rights of creditors alone that the surplus income of the trust has been subjected by the statute, even if they can now derive any advantage from the provision professedly enacted in their favor. (3 R. S. [5th ed.], 21

§ 76.) That in terms renders the surplus liable in equity to the claims of creditors, and to their claims alone. But as this provision has been subordinated by construction to those imposing certain restraints upon creditors' suits, it has been rendered impracticable for even that class of demands to be satisfied under it. (*Hann* v. *Van Voorhis*, 12 S. C. N. Y. [5 Hun], 425.) In either view of the plaintiff's case, the application for the injunction was properly denied, and the order appealed from should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed.